UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| WEI QIU,<br><br>Plaintiff,<br><br>V.<br><br>BOARD OF EDUCATION OF WOODFORD COUNTY PUBLIC SCHOOLS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 5: 22-196-DCR<br><br>**MEMORANDUM OPINION AND ORDER** |

*** *** *** ***

Plaintiff Wei Qiu alleges that the Board of Education of Woodford County Public Schools (the "Board") discriminated against her and violated Title VII of the Civil Rights Act of 1964 ("Title VII") when it failed to offer her a teaching position because of her race, color, and national origin. However, the Board asserts that Qiu has failed to exhaust administrative remedies regarding certain claims, and that she has failed to state a *prima facie* case of discrimination under Title VII.

Both parties have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1] [Record Nos. 25, 26] For the reasons set forth below, the Board's motion will be granted and Qiu's motion will be denied.

[1] Qiu also has moved for leave to file a sur-reply. She contends that the Board's reply introduces new arguments to which she should be allowed to respond. This motion will be denied for the reasons outlined below.

**I.**

It is important to clarify at the outset the relevant time period and breadth of claims that the Court is reviewing. Under Title VII, a plaintiff alleging employment discrimination must file an administrative charge with the EEOC "within 180 days of the occurrence of the alleged unlawful employment practice." *EEOC v. Com. Off. Prods. Co.*, 486 U.S. 107, 110 (1988). This filing period is extended to 300 days in deferral jurisdictions[2]—including Kentucky—if the plaintiff initiates a timely complaint with the appropriate state agency. *Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 828 (6th Cir. 2019). However, "[d]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Refusal to hire is a discrete act. *Id.* at 114.

Qiu's Charge of Discrimination (the "EEOC Complaint") was filed with the Kentucky Commission on Human Rights and the EEOC on or about December 15, 2021, entitling her to a 300-day statute of limitations on discrimination alleged pursuant to 42 U.S.C. § 2000e-5(e)(1). As such, Qui's earliest actionable claim against the Board could be no earlier than February 18, 2021. All earlier claims would be time barred. The particulars of Qiu's EEOC Complaint refer only to the Woodford County High School's physics teacher position for which she applied "[o]n or about March 31, 2021". [Record No. 26-1, p. 11] Thus, based on the allegations in Qiu's EEOC Complaint and the statute of limitations imposed by 42 U.S.C. § 2000e-5(e)(1), the only claim properly before the Court relates to Qiu's allegation that the

[2] A deferral jurisdiction is a state which has a state or local Fair Employment Practices Agency ("FEPA") authorized to enforce its state or local anti-discrimination laws.

Board discriminated against her based on her race and national origin[3] when it failed to hire her for the physics teacher vacancy posted on March 24, 2021. While allegations of earlier discrimination serve to fully inform the Court and provide useful background, those claims are not properly before the Court and will not be adjudicated.

**II.**

The Board posted a position for a high school science teacher on April 22, 2020, and Qiu was among the applicants for that position. However, due to the COVID-19 pandemic and resulting state-mandated school closures, the Board discontinued its applicant search without extending any interview offers. It again posted a high school science teacher vacancy on August 18, 2020, and it is uncontested that Qiu again tendered an application for the position. But the continued impact of COVID-19 and the school district's decision to offer virtual/remote learning resulted in the applicant search once again being discontinued and a retired Woodford County High School ("WCHS") teacher was utilized in a long-term substitute teacher role to fulfill the school's needs.

On March 24, 2021, the Board posted a vacancy for a physics teacher at WCHS—the vacancy at issue. Plaintiff Qiu applied for this vacancy despite not being certified to teach physics in the Commonwealth of Kentucky. She described herself as "qualified to be certified to teach physics." [Record No. 25, p. 3] Already certified to teach chemistry, Qiu believed she was qualified to teach physics and could be certified through one of the Education Professional Standards Board's ("EPSB") alternate pathways to teacher certification—Option

[3] While several of Qiu's later filings also include discrimination based on color, only race and national origin were checked in her EEOC Complaint.

7: Institute Alternative Route. *See* KRS 161.048(8)(b)(2)(2017) Qiu was not offered an interview.

Hoping to further the school's engineering program, the WCHS administration offered the position to a candidate with an engineering degree who was enrolled in an ESPB-approved teacher preparation program.[4] That candidate, a white native-English speaker, ultimately withdrew from the hiring process and no other candidates were interviewed.

On December 15, 2021, Qiu filed a Charge of Discrimination ("EEOC Complaint") with the Kentucky Commission on Human Rights alleging she was not hired for the March 24, 2021, physics teacher vacancy due to her race (Asian) and national origin (Chinese). [Record No. 27-1, p. 11] The EEOC Complaint does not make reference to the teacher vacancies in April 2020, August 2020, or May 2021. Qiu received an EEOC Notice of Right to Sue letter on May 17, 2022. She filed a timely Complaint with this Court on July 29, 2022.

In response to the Board's motion for summary judgement, Qiu submitted a response to which the Board tendered its reply. Qiu alleges that the Board's reply introduces new legal arguments, so she has filed a motion for leave seeking the Court's permission to tender a sur-reply. [Record No. 31]

## III.

"When new submissions and/or arguments are included in a reply brief, and the nonmovant's ability to respond to the new evidence has been vitiated, a problem arises with respect to Federal Rule of Civil Procedure 56(c)." *Seay v. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003). When this occurs, "the district court should allow the nonmoving party an

[4] The program was an approved pathway to teacher certification under Option 6: University Alternative Program. KRS 161.048(7) (2017).

opportunity to respond, particularly where the court's decision relies on new evidentiary submissions." *Id.* at 481–82.

Qiu argues that she should be permitted file a sur-reply because the Board "applied new law to disqualify Qiu's qualification for the position, citing KRS 161.048(8)(b)(2) for the first time in Line 3 in Page 3 in its Reply." [Record No. 31] This argument, however, is without merit.

KRS 161.048(8)(b)(2) refers to a requirement of the Education Professional Standards Board's "Option 7: Institute Alternative Route" to teacher certification. Qiu refers to this very policy in her summary judgment motion, and even appends it to her response to the Board's Cross Motion for Summary Judgment. [Record Nos. 25; 28-2, p. 5] Further, in the Board's Motion for Summary Judgment, the Board directly challenges Qiu's qualification under Option 7, specifically highlighting the requirements of KRS 161.048(8)(b)(2). [Record No. 27, p. 11 & n.6] Qiu fails to demonstrate that the Board introduced new legal arguments in its reply brief; therefore, her motion for leave to file a sur-reply will be denied.

**IV.**

Summary judgment is appropriate when the moving party demonstrates that there is no genuine dispute regarding any material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once this showing is made, the burden shifts to the nonmovant. The nonmoving party may not simply rely on his pleadings but must "produce evidence that results in a conflict of material fact to be resolved by a jury." *Cox v. Ky. Dept. of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). In other words, the nonmoving party must present "significant probative evidence that

establishes more than some metaphysical doubt as to the material facts." *Golden v. Mirabile Invest. Corp.*, 724 F. App'x 441, 445 (6th Cir. 2018) (citation and alteration omitted).

The Court affords all reasonable inferences and construes the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). However, a dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. Further, the Court may not weigh the evidence or make credibility determinations but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *see also Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015). And the existence of a scintilla of evidence favoring the nonmovant is not sufficient to avoid summary judgment. *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 851 (6th Cir. 2017) (citing *Anderson*, 477 U.S. at 252).

**A.**

It is unlawful under Title VII for an employer "to fail or refuse to hire" any individual due to "such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). A plaintiff can prevail in a Title VII claim by either direct or circumstantial evidence. *Ondricko v. MGM Grand Detroit, LLC*, 689 F.3d 642, 648–49 (6th Cir. 2012). Direct evidence is that "which, if believed, requires the conclusion that unlawful discrimination was at least a motivating factor." *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp*, 176 F.3d 921, 926 (6th Cir. 1999). Circumstantial evidence allows for a fact to be inferred but does not necessitate such an inference. *See Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003).

Qiu claims that, despite being qualified for the physics teacher vacancy, she was neither interviewed nor hired. She alleges that the Board offered the position to a less-qualified applicant because he is a white native-English speaker. Qiu incorrectly asserts this theory as direct evidence of discrimination. "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009). However, in recognizing that a document filed *pro se* is "to be liberally construed," the Court affords Qiu's observation the weight of circumstantial evidence of discrimination. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

**B.**

The *McDonnell Douglas/Burdine* framework applies when a plaintiff alleging discrimination relies on circumstantial evidence. *Lindsay v. Yates*, 498 F.3d 434, 440 n.7 (6th Cir. 2007). A plaintiff must first establish a *prima facie* case of disparate treatment under this framework. *Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). To do so, she must demonstrate that: "(1) [s]he is a member of a protected class; (2) [s]he was qualified for [her] job; (3) [s]he suffered an adverse employment decision; and (4) [s]he was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees." *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 391 (6th Cir. 2008).

As an Asian and of Chinese national origin, Qui is a member of a protected class. However, the Board disagrees with her claim that she was qualified for the physics teacher position. "A discrimination plaintiff's generic testimony that she was qualified for a position, . . . does not suffice to withstand summary judgment on that qualification issue without specific facts supporting this general testimony." *Alexander*, 576 F.3d at 560.

Qiu describes herself as "a certified chemistry teacher . . . highly Praxis qualified to teach physics and math," and "qualified to be certified to teach physics." [Record No. 25, pp. 1, 3] In support of her motion for summary judgment, she notes that she is "eligible to be certified to teach physics or math by Institute Alternative Route policy of the Education Professional Standards Board (EPSB)." [*Id.* at 2] But Qiu's only supporting evidence of her qualification consists of a page appearing to highlight her prior Praxis scores and what appears to be an EPSB explainer outlining the Option 7: Institute Alternative Route to teacher certification. This is insufficient to demonstrate that Qiu was a qualified candidate for the high school physics teacher position.

First, even if Qiu had submitted a certified copy of her Praxis scores demonstrating proficiency in physics, the scores provided had expired for purposes of teacher certification. Pursuant to 16 KAR 5:020, "A passing score on an assessment established at the time of admission shall be valid for the purpose of applying for admission for five (5) years from the assessment administration date."[5] The test upon which Qiu relies to demonstrate her proficiency in physics was taken May 7, 2013 (a date some seven years before applying for the vacancy here in issue). In addition, Qiu's reliance on the Option 7: Institute Alternative Route for certification is misplaced because she is not eligible for this option. The Institute Alternative Route to certification is only available for initial certification, which is clearly stated on the EPSB explainer that she herself provided. [Record No. 28-2, p. 5] In short, Qiu

---

[5] At the EPSB Meeting on July 11, 2022, the Board voted unanimously to allow ten-year recency for admission assessments under 16 KAR 5:020. However, when Qiu applied for the physics teacher position, the five-year recency requirement was in place. *See* Meeting Minutes, Action Item 2022-034, Education Professional Standards Board, Kentucky Department of Education (July 11, 2022).

already possesses a certificate for teaching chemistry so Option 7 is not available to her. *See* KRS 161.048(8). Despite Qiu's attestation that she was a qualified candidate for the physics teacher position, the evidence provided indicates that she was not qualified.

Qiu is unable to establish a *prima facie* case of discrimination because she has failed to demonstrate that she was a qualified applicant. She cannot "simply replace the conclusory allegations in [her] complaint with more conclusory allegations" at the summary judgment stage. *See Floyd v. Sverdrup Corp.*, 23 Fed. App'x 223, 225 (6th Cir. 2001) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). As a result, the Board is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

**V.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Plaintiff Wei Qiu's motion for leave to file a sur-reply [Record No. 31] is **DENIED**.

2. Plaintiff Wei Qiu's motion for summary judgment [Record No. 25] is **DENIED**.

3. Defendant Board of Education of Woodford County Public Schools motion for summary judgment [Record No. 26] is **GRANTED**.

Dated: September 27, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky