UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| WEI QIU, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 22-196-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BOARD OF EDUCATION OF WOODFORD COUNTY PUBLIC SCHOOLS, | ) ) ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The undersigned entered an Order directing Plaintiff Qiu to tender a written explanation regarding why the Court should not impose a prefiling restriction against her in this case. [Record No. 40] The Order made clear that the imposition of such a restriction would not be intended to discourage meritorious filings but may be a necessary response to her repeated practice of making inappropriate and frivolous filings that unnecessarily prolong litigation and unfairly burden her adversaries and the Court. The Order further directed Qiu to file her response within twenty-one days and noted that the Court would impose the sanction if she failed to file a timely response or filed a response that did not identify factually and legally sufficient grounds regarding why the restriction should not be imposed.

Qiu tendered a timely response on December 4, 2023, along with her Notice of Appeal. [Record Nos. 41, 42] But rather than respond to the show cause Order as directed, Qiu again focused the bulk of her response on relitigating the substantive matters already resolved:

"Orders DN 32 and DN 40 are judicial failures that should be discarded." [Record No. 41, p. 4]

Qiu also continued her practice of levying baseless accusations and *ad hominem* attacks. [*See, e.g.*, *id.* at 1 (accusing one of the undersigned's clerks of "misbehavior"); *id.* at 11 (referring to the undersigned as "Lawyer Reeves" and accusing same of "judicial misconduct and corruption"); *id.* at 12 (accusing Lawyer Chenoweth of lying and misrepresenting the law); *id.* at 17 ("Judge Reeves was falsifying the facts . . . .")] Qiu has been warned on multiple occasions that her status as a *pro se* litigant does not entitle her to special treatment and that she must conduct herself with the decorum and respect inherent in the judicial process. [Record No. 40, p. 9]

Qiu's response fails to properly respond to the Court's Order and demonstrates a continued unwillingness to comport with the conduct expected of a litigant in federal court. The Court's Memorandum Opinion and Order entered November 21, 2023, detailed the Court's reasoning for contemplating the imposition of a prefiling restriction. [Record No. 40, Part III] Qiu's response does nothing to mitigate the Court's concern. The undersigned finds that the imposition of a prefiling restriction in this case is the least restrictive means of protecting other parties before the Court and ensuring any future filings by Qiu accord with the Federal Rules of Civil Procedure and Local Rules of this Court.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff Qiu is hereafter **PERMANENTLY BARRED** from filing any document in Civil Action No. 5: 22-0196-DCR-HAI unless she first obtains a certification from a United States Magistrate Judge for the Eastern District of Kentucky assigned to the

- 3 -

case. The Court will grant such approval only after determining that the proposed filing is not frivolous and is not filed for any improper purpose.

2. To obtain such approval to file any document, Qiu **MUST SUBMIT ALL OF THE FOLLOWING** with the document she wishes to file: (a) a copy of this Order; (b) a separate motion asking for the Court's permission to file the document and a statement of reasons that the Court's permission should be granted; and, if applicable, (c) the appropriate filing fee or a fully completed Application to Proceed in District Court without Prepaying Fees or Costs.

3. Upon receipt of any document from Qiu, the Clerk of Court is directed to: (a) scan the original document and enter it into the record as a miscellaneous document; and (b) send the original document back to the plaintiff accompanied by correspondence indicating that the document has been filed but will not be acted upon by the Court unless the assigned United States Magistrate Judge certifies the filing as mandated in the preceding paragraph.

4. Notwithstanding the prefiling restriction imposed herein, the temporary injunction imposed by this Court's Memorandum Opinion and Order [Record No. 40] entered on November 21, 2023, is **SET ASIDE**.

5. The Clerk of the Court is directed to send a copy of this Order to the Clerk of the United States Court of Appeals for the Sixth Circuit.

- 4 -

Dated: December 6, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky