UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| WEI QIU, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 22-196-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BOARD OF EDUCATION OF | ) | |
| WOODFORD COUNTY PUBLIC | ) | **MEMORANDUM** |
| SCHOOLS, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Plaintiff Wei Qiu has filed objections to Magistrate Judge Hanly A. Ingram's orders denying certification to file motions seeking removal of the filing injunction in this case. [Record Nos. 59 and 62] For the reasons explained below, the Court will adopt the Magistrate Judge's orders denying certification.

**I.**

On July 29, 2022, Qiu filed a *pro se* Complaint asserting claims against the Board of Education of Woodford County Public Schools. More specifically, she asserted that the Board violated Title VII of the Civil Rights Act and the Kentucky Civil Rights Act by failing to hire her due to her race, color, and national origin. [Record No. 1] The Court granted the defendant's motion for summary judgment and entered judgment in its favor. [Record Nos. 32 and 33; *see* Record No. 26.]

Qiu filed a motion to alter the judgment under Rule 59(e) of the Federal Rules of Civil Procedure on October 17, 2023; however, that motion was denied. [Record Nos. 35 and 40]

- 1 -

Qiu contemporaneously filed a motion for sanctions which alleged that defense counsel spoliated evidence and misrepresented the law. [Record No. 34] That motion also was denied. [Record No. 40] On appeal, the United States Court of Appeals for the Sixth Circuit affirmed the Court's ruling, including the denial of sanctions. [Record No. 47] The United States Supreme Court declined to grant a writ of certiorari on February 4, 2025. [Record No. 50]

While the appeal was pending before the Sixth Circuit, the Court temporarily, then permanently, barred Qiu from filing any document in this action without first obtaining certification from the United States Magistrate Judge. [Record Nos. 40 and 44] Highlighting the nine Title VII suits Qiu had filed against school districts in the Eastern and Western Districts of Kentucky, the Court explained that "Qiu has repeatedly engaged in making *ad hominem* attacks against the opposing party and its counsel, consistently fails to adhere to the Local Rules, and needlessly burdens her adversaries by extending litigation past entry of final judgment through a series of meritless filings." [Record No. 40 at 10]

Next, the Court found that Qiu has a history of abusing the judicial process by filing frivolous motions that harass other parties, needlessly extend litigation, and interfere with the Court's ability to administer justice. [*Id*. at 16] While acknowledging that the Court has afforded her significant latitude given her status as a *pro se* litigant and despite repeated warnings, opportunities to be heard, and guiding instruction, she continued to disregard these admonitions at the expense of other litigations. [*Id*.] The Court found her conduct tantamount to bad faith and inappropriate, concluding that it should not be tolerated. [*Id*. (citing *BDT Products, Inc. v. Lexmark Int'l, Inc*., 602 F.3d 742, 752 (6th Cir. 2010); *Wesley v. Accessible Home Care,* No. 18-cv-200, 2018 WL 6424691, at *3 (E.D. Ky. Dec. 6, 2018))]

On February 19, 2026, Qiu requested certification and approval to file an "Appeal to Judge Reeves on Magistrate Judge Ingram's Order in DN 55." [Record No. 56] Previously, on February 11, 2026, the Magistrate Judge denied Qiu's "Motion to Ask Magistrate Judge Ingram's Permission to File her Motion to Remove the Filing Injunction" [Record No. 52] and denied certification of two filings [Record Nos. 51 and 52]. [Record No. 55] Qiu also sought certification to file a second motion to remove the filing injunction. [Record No. 57]

The Magistrate Judge granted certification of Qiu's objections to February 11, 2026, Order [Record No. 56; *see* Record No. 59], thereby allowing review of the Order entered at Record No. 55. [Record No. 58] However, the Magistrate Judge denied certification of Qiu's second motion to remove the filing injunction [Record No. 57]. [Record No. 58]

On April 29, 2026, Qiu filed another request for certification and approval to file a motion captioned "Appeal to Judge Reeves on Magistrate Judge Ingram's Order in DN 58." [Record No. 60 at 3] This request stems from Magistrate Judge Ingram's April 15, 2026, Order denying certification of Qiu's "Request to Magistrate Judge Ingram to File her Second Request to Remove Her Filing Injunction." [Record Nos. 57 and 58] The Magistrate Judge found that the filing failed to identify a legal basis for continuing litigation in this case. [Record No. 58] Qiu now seeks a review of that Order. Magistrate Judge Ingram certified Qiu's motion [Record No. 60], and the matter is presently before the undersigned for review. [Record No. 61]

**II.**

Two matters have been certified and are pending for review: (1) Qiu's objections to Magistrate Judge Ingram's February 11, 2026 Order [Record No. 55], as certified in Record No. 58; and (2) Qiu's objections to Magistrate Judge Ingram's April 15, 2026 Order [Record

No. 58] to the extent it denies certification of Qiu's request to file a second motion to remove the filing injunction, as certified in Record No. 61.  These objections are filed in the record at Record Nos. 59 and 62, respectively.

**Qiu's Objections to Magistrate Judge Ingram's February 11, 2026 Order**

In the February 11, 2026, Order the Magistrate Judge considered whether Qiu's proposed filings were frivolous or filed for an improper purpose.  [Record No. 55 at 2] The Magistrate Judge found that Qiu failed to comply with the Court's filing-ban Order [Record No. 44] because she did not attach a copy of that Order or file a motion seeking permission to proceed with a statement explaining the basis for the proposed filing.  [*Id*. at 2–3] The Magistrate Judge further concluded that Qiu's filings provided no legal basis for the requested relief and, instead, largely sought to relitigate issues already resolved by this Court and the Sith Circuit.  [*Id*. at 3]

The Magistrate Judge noted that Qiu's motion to remove the filing injunction contained twenty-four allegations of unfair treatment by defense counsel, the undersigned, and Sixth Circuit judges, but concluded that those allegations did not establish that the proposed filings were non-frivolous.  [*Id*.] Ultimately, the Magistrate Judge determined that there was no basis to lift the filing ban or reopen the case because Qiu had exhausted her appellate remedies, and any relief under Rules 59 or 60 of the Federal Rules of Civil Procedure was unavailable because the applicable deadlines had long expired.  [*Id*. at 3–4]

Qiu's objections contend that the Magistrate Judge ignored the allegations supporting her motion.  [Record No. 59] But that is incorrect.  The Magistrate Judge considered Qiu's motion and properly concluded that she presented no legal basis for the requested relief and

acted within the authority granted by the filing-ban Order when he denied certification of the proposed filings as frivolous.  [Record No. 55; *see* Record No. 44] Because Qiu has exhausted her appeals and no other avenue of relief remains available, there is no basis to lift the filing ban or reopen the case.

**Qiu's Objections to Magistrate Judge Ingram's April 15, 2026 Order**

On April 15, 2026, the Magistrate Judge considered Qiu's request for permission to file a second motion to remove the filing injunction.  [Record No. 58 at 2] In support, Qiu argued that she had not engaged in *ad hominem* attacks and that the filing injunction was a waste of litigation resources.  [Record No. 57 at 3]

The Magistrate Judge denied certification for substantially the same reasons underlying the denial of Qiu's first request to challenge the filing injunction.  [Record No. 58 at 2] He explained that Qiu again failed to identify any rule or legal basis that would justify further litigation of her claims.  [*Id*.] He also noted that the proposed motion cited no legal authority, failed to acknowledge that a similar motion had already been denied, and identified no error in the prior ruling.  [*Id*.]

Qiu objects to that decision, arguing that the Magistrate Judge's reasoning did not establish that the proposed filing was frivolous or filed for an improper purpose.  [Record No. 62 at 1] She therefore contends that the denial constituted legal error and further accused the Magistrate Judge of favoring the defendant.  [*Id*. at 1–2]

As discussed above, the Court's filing-ban Order permanently prohibits Qiu from filing documents in this action unless she first obtains certification from the assigned Magistrate Judge.  [Record No. 44 at 2–3] The Order authorizes certification only upon a determination

that the proposed filing is neither frivolous nor submitted for an improper purpose.  [*Id*.]  Here, Magistrate Judge Ingram correctly concluded that Qiu's proposed motion to lift the filing injunction was frivolous because it identified no legal basis for the requested relief and failed to articulate any grounds warranting reconsideration.   [*See* Record Nos. 55 and 58.] Accordingly, his denial of certification is consistent with the Court's prior Order [Record No. 44] and is not erroneous.

**III.**

Based on the foregoing discussion and analysis, it is hereby **ORDERED** as follows:

1.    Plaintiff Qui's objections [Record No. 59] to Magistrate Judge Hanly A. Ingram's order denying certification [Record No. 55] are **OVERRULED**.  The order denying certification [Record No. 55] is **ADOPTED** and **INCORPORATED** in full.

2.    Plaintiff Qui's objections [Record No. 62] to Magistrate Judge Hanly A. Ingram's order denying certification of Qiu's second motion to remove her filing injunction [Record No. 58] are **OVERRULED**.  The order denying certification of Plaintiff Qiu's second motion to remove her filing injunction [Record No. 58] is **ADOPTED** and **INCORPORATED** in full.

3.    Plaintiff Qiu's motions for leave to file a motion to remove the filing injunction [Record Nos. 52 and 57] are **DENIED**.

Dated:  June 1, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky

- 6 -